REX *vs.* AH GOCK and AH SUE

Exceptions from Third Judicial Circuit Court, Bickerton J., Presiding.

January Term, 1889.

Judd, C.J., McCully, Preston, Bickerton and Dole, JJ.

The defendants were charged with and convicted of selling spirituous liquors under Section 32 of Chapter XLIV., of the Laws of 1882, as amended by Chapter LVI., of the Laws of 1886, and sentenced both to imprisonment and to pay a fine.

Held, that as the said law provides only for the offense of carrying about spirituous liquors for sale or to be exposed for sale by unlicensed persons, there can be no conviction under its provisions, of selling spiritous liquors without a license.

Also, that even if such conviction might be had, the sentence of both fine and imprisonment would be illegal, as no one is liable to imprisonment for selling spirituous liquors without a license, except upon conviction thereof for an offense committed within twelve months after a previous conviction, of which there was no evidence.

Exceptions allowed.

Opinion of the Court, by Preston, J.

This case comes before the Court upon exceptions from a *pro forma* decision of the Circuit Court for the Third Judicial Circuit in Banco, overruling exceptions taken by the defendants by way of appeal upon points of law, from a decision of Hon. S. L. Austin, Circuit Judge, sustaining a conviction of the defendants by the District Justice of Hamakua.

It was stipulated between counsel for the Crown and for the defendants, that the exceptions should be heard upon the record as presented on the appeal to the Circuit Court.

From this record it appears that on the 12th July, 1888, the defendants were charged (on appeal) before the said Circuit Judge, " with selling spirituous liquors from January 1st, 1888,

to and including April 11th, 1888, particularly under Section 32 of Session Laws of 1882, as amended by Chapter LVI, Section 1, of the Laws of 1886," and after hearing evidence the defendants were adjudged guilty and were severally sentenced to one month's imprisonment at hard labor and to pay a fine of fifty dollars and costs, and certain spirituous liquors which had been seized, and the vessels and utensils used for containing the same, were adjudged to be forfeited, and ordered to be sold on account of the Hawaiian Goverment.

From the evidence it appears that the defendants were store-keepers carrying on business at Honokaa, Hawaii, and that on the 9th of April last, several packages of merchandise addressed to the defendants were landed from the steamer Iwalani at the Honokaa landing. That Mr. Lyman, the deputy sheriff, went to the landing with a search warrant, to search for opium, said to be concealed in the freight of the defendants, and told defendants that he had such warrant; that defendants denied having any opium, and told the deputy sheriff he might search the goods; the deputy sheriff, deeming it to be difficult to search the boxes at the landing, told defendant, Ah Gock, he would cart them to defendant's store and open them there; on some of the cases being opened a quantity of samshoo was found; the deputy sheriff told the defendants that he would take charge of the liquor, and told them to go to the landing and he would see how much more liquor they had; the boxes were opened and a further quantity of liquor was found, amounting in the whole (with what had been found in the boxes opened at the store) to two hundred and seventy bottles and jars.

Evidence was also given by the bookkeeper at the landing, that on three occasions between the first of January and the ninth of April, several packages of liquor had been received by the defendants.

These are the only parts of the evidence which we deem it necessary to notice, and we are unable to see how in any manner it tends to support the charge made.

The Section (32) of the Act regulating the sale of spirituous liquors, relied upon, is as follows:                    35

"Any District or Police Justice, the Marshal, his deputy, or any sheriff, deputy sheriff, or constable, may without warrant seize and take away all such spirituous liquor as he shall have reasonable cause to suspect is carried about for sale, or to be exposed or offered for sale in any highway or footpath, or in any booth, tent, store or shed, or in any other place whatever, by any person not licensed to sell the same, and all vessels and utensils used for containing, drinking or measuring the same. And such Justice, on proof of such offense, may convict any person so offending, and may thereupon sentence such offender to pay a fine of not more than two hundred and fifty dollars and not less than fifty dollars, and to imprisonment at hard labor for any term not more than six months and not less than one month, and one-half of the fine shall be paid to the party who gave the information which led to such conviction, and such Justice shall, upon such conviction, adjudge such spirituous liquors and the vessels and utensils used for containing, drinking or measuring the same, to be forfeited, and may direct the same to be sold on account of the Hawaiian Government. Provided, however, that in all cases where such liquor is seized while being carried on the way from one place to another, the burden of proving that such liquor was not carried for sale, or to be exposed or offered for sale, shall be upon the person or persons owning or claiming the same."

This Section, it will be seen, only applies to cases where spirituous liquor is carried about for sale or to be offered or exposed for sale, and not to the sale of the liquor itself. The liquor must be carried about, and from the wording of the proviso, "while being carried on the way from one place to another," it would seem that it is necessary the liquor should be actually in transit, and not, as in this case, merely landed on the beach, and we do not consider that liquor in transit from the merchant to the consignee or purchaser is being carried about within the meaning of the statute.

The charge was "selling spirituous liquor, particularly under Section 32 (meaning Section 32 of Chapter XLIV.) of Session

Laws of 1882, as amended by Chapter LVI., Section 1, of the Laws of 1886." A conviction for "selling" could not be upheld under this Section, and even if it could, the sentence would be erroneous, as only a fine could be imposed for "selling" without a license, except after two previous convictions, neither can a conviction for carrying about liquor for sale, or to be exposed or offered for sale, be sustained, because this is not the charge, and there is no evidence to support it if made.

The prosecution and the Circuit Judge seem to have entirely misapprehended the statute.

The conviction and the order forfeiting the liquor must be reversed, and it is so ordered.

*C. W. Ashford* (Attorney-General), and *A. P. Peterson*, Deputy, for the Crown.

*Paul Neumann*, for defendants.